DECEMBER TERM, 1844.

MR. JUSTICE BRONSON, PRESIDING.

---

SAMUEL W. HURD vs. JOHN J. MERRITT.

COSTS.

*Motion by defendant for retaxation of costs.*—The facts in the case are as follows : The action was tort, and after issue joined, was by stipulation of parties, referred. It was stipulated that a judgment of the court might be entered on the report of the referees, in the same manner and to the same effect as if the cause were properly referable; after the referees reported, the defendant served his affidavit with a view to move to set aside the report; the plaintiff served his counter affidavit, and the referees reported a statement of the evidence and points made before them. The cause was put on the calendar at the last May term, and was stricken therefrom because the defendant had not served the plaintiff with a copy of the papers, which it was his duty to furnish the court pursuant to the 48th Rule. Defendant objected to the allowance of any costs except for the judgment record and the fees of entering up the judgment, insisting that the reference was a submission to arbitration, and that the report of the referees was a mere award of arbitrators.

The court overruled the objection, and decided that costs were allowable the same as if the cause were referable; that the plaintiff had merely opposed proceedings, which the defendant should not have taken. The following items were stricken out of said bill: Counsel arguing at special term, non-enumerated motion, opposed, $5; counsel arguing at special term, non-enumerated motion, not opposed, $2; attorney's fee for proof of service of notice of trial and inquest, 50cts.; for proof of service of notice of hearing for defendant and referees, 50cts.; for drawing subpœna writs and tickets on three adjournments of the trial before referees, $6; for service of plaintiff's counter affidavit on motion to set aside report of referees, 25cts.; for proof of service of same, 50cts.; [39 for preparation of papers to oppose motion of defendant for leave to have referees report evidence, plaintiff consenting that defendant's default for not giving notice of settling, facts should be waived, $7; for service of order of Judge Kent revoking a former order made by him with notice.

25cts.; for proof of service of same, 50cts.; referees drawing and copying report of amount due plaintiff, 37½cts.

M. T. Reynolds, *Defts Counsel.*    M. Mitchell, *Defts Atty.*
T. Nelson, *Plffs Counsel.*    W. Nelson, *Plffs Atty.*

*Decision.*—Motion denied on plaintiff's deducting $22·87 from the bill as taxed.

---

### Samuel W. Hurd vs. John J. Merritt.

Costs.

*Motion by plaintiff for a retaxation of costs, and that he be allowed to charge in his bill of costs, interest on the report of referees from the date of their report to the date of the judgment.*—Per Curiam.—This was an action of tort, and the plaintiff has no right to tax interest with costs; that the section 3d on page 508 of Session Laws of 1844, is to operate prospectively; and that as the report of the referees in this cause was before the passage of that act, the act does not apply, although judgment was *not* perfected until the act was passed.

M. T. Reynolds, *Defts Counsel.*    M. Mitchell, *Defts Atty.*
T. Nelson, *Plffs Counsel.*    W. Nelson, *Plffs Atty.*

*Decision.*—Motion denied with costs.

---

### John Claiborne vs. Herman Boker, et al.

Motion for judgment as in case of non-suit, because security for costs not filed, irregular.

*Motion by defendant for judgment as in case of non-suit, by reason of the plaintiff's failing to file security for costs.*—Per Curiam.—Denied on the ground that the motion is irregular. It should have been for an absolute order that plaintiffs file security for costs.

P. Cagger, *Plffs Counsel.*    C. G. Eckell, *Defts Atty.*
    *Defts Counsel.*    A. S. Garr, *Plffs Atty.*

*Decision.*—Motion denied with costs, and ordered that plaintiff file security for cost in twenty days.

---

40]    ### Henry Pier vs. Albert Page.

Where the circuit judge permits a cause to be passed for the day without prejudice to the plaintiff, where he is ready when the cause is called, and the defendant not; the defendant is not entitled to judgment as in case of non-suit, when no opportunity is afterwards afforded to try.

*Motion by defendant for judgment as in case of non-suit.*—The cause was called on the first day of the circuit, no one answering for defendant;